FILED 29 JUL '11 11:43 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WILLIAM H. RUSH,

        Petitioner,        Civil No. 09-6321-TC

        v.                      FINDINGS AND
                                  RECOMMENDATION
NANCY HOWTON,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment dated February 14, 2003, from the Benton County Circuit Court after convictions for Kidnapping in the Second Degree, Assault in the Second Degree, and Assault in the Third Degree. Following a jury trial, the court sentenced petitioner to 70 months of imprisonment on each conviction, with two sentences to run consecutively. Exhibit 101.

1 - FINDINGS AND RECOMMENDATION

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits 104 - 108.

Petitioner filed an amended petition for post-conviction relief but the Marion County Circuit Court denied relief, the Oregon Court of Appeals affirmed without opinion , and the Oregon Supreme Court denied review. Exhibits 121 - 124.

Petitioner filed a petition under 28 U.S. C. § 2254 alleging six grounds for relief. Respondent now moves to deny relief on the grounds that two of petitioner's grounds are procedurally defaulted and the remaining claims were correctly denied in state court decisions entitled to deference under 28 U.S.C. § 2254(d) and (e)(1). Response to Petition (#12) p. 1-2.

Petitioner alleges the following claims for relief:

**A. DIRECT APPEAL,** The trial court erred in sentencing petitioner to consecutive sentences under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and the Sixth Amendment and the Due Process Clause to the United States Constitution.

**B. POST-CONVICTION,** Petitioner's right to effective and adequate assistance of trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution was violated as set forth below,

1. Petitioner's trial counsel was inadequate or ineffective when counsel failed to object when prosecution witness Kristina Backer testified as to statements made by Carolyn Rush.

2. Petitioner's trial counsel was inadequate or ineffective when counsel failed to object or seek a cautionary instruction when petitioner's Co-defendant, Carlson, testified that he had pleaded guilty to the charges at issue in petitioner's

2 - FINDINGS AND RECOMMENDATION

case.

> 3. Petitioner's trial counsel was inadequate or ineffective when counsel failed to object when police officer Laurie Godfried testified to hearsay statements made to her by petitioner's Co-defendant Carlson.
>
> 4. Petitioner's trial counsel was inadequate or ineffective when counsel failed to request a witness false in part instruction.
>
> 5. Petitioner's trial counsel was inadequate or ineffective when counsel failed to object to petitioner's sentence under *Apprendi v. Jew Jersey*, (sic) 530 U.S. 466 (200) and the Sixth and Fourteenth Amendments.

Petition (#1), p. 3.

Respondent argues that petitioner's "Grounds One and Six" (petitioner's *Apprendi* claims) are procedurally defaulted. *See*, Response to Petition (#12), p. 5 - 6. Respondent's argument appears to be well taken, but it is not necessary to reach the procedural default/exhaustion issue, because the Supreme Court foreclosed *Apprendi* claims based on consecutive sentencing without additional findings of fact by a jury in Oregon v. Ice, 129 S.Ct. 711, 716 (2009). Thus, even if petitioner's *Apprendi* claim(s) are exhausted or otherwise properly before the court, they fail on the merits, and should be denied.[1]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only

---

[1] In addition, petitioner has not presented any evidence or argument regarding his claims in Ground One and Six. Therefore, they are properly deem waived and or abandoned. *See*, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006).

3 - FINDINGS AND RECOMMENDATION

when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct.. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'"

4 - FINDINGS AND RECOMMENDATION

Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In order to satisfy the prejudice requirement in the context of a plea agreement, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In plea agreement cases, the "resolution of

5 - FINDINGS AND RECOMMENDATION

the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial. Id. at 59.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to §2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curia m).

The PCR court rejected petitioner's ineffective assistance of counsel claims as follows:

> For the reasons, both legal and factual, set forth in the state's trial memorandum, I find that Petitioner has failed to establish a basis for post-conviction relief. I conclude that Petitioner received adequate assistance of trial counsel. Petitioner failed to demonstrate that his trial counsel's representation fell below an objective standard of reasonableness. Accordingly, there was no evidence that it was reasonably likely that the

6 - FINDINGS AND RECOMMENDATION

>results or the proceeding would have been better for Petitioner but for counsel's conduct.

Exhibit 118, p. 1.

Petitioner has not presented any clear and convincing evidence to controvert the PCR court findings and they are therefore presumed to be correct. 28 U.S.C. § 2254(e)(1). In addition, for the reasons set forth below, I find that the PCR court's legal conclusion that petitioner's trial counsel was not constitutionally defective, is not contrary to, nor an unreasonable application of *Strickland*.

Petitioner alleges in Ground B, (1) that his counsel was ineffective for failing to object to testimony by the victim's girlfriend regarding statements made to her by petitioner's wife.

The affidavit of petitioner's trial counsel states that she made a tactical decision to refrain from objecting to the testimony. *See*, Exhibit 115, p. 1-2.

Under *Strickland*, "strategic choices made after through investigation of law and facts relevant to plausible options are virtually unchallengeable." 466 U.S. at 690. Petitioner must make a showing that would overcome the presumption that the challenged action might be considered sound trial strategy. Id. at 689. Petitioner has made no such showing in this case.

Moreover, petitioner cannot demonstrate that the outcome of the proceeding would have been different if his attorney had objected to the testimony. The PCR court found[2] that the

---

[2]Through specifically adopting the arguments in the state's trial memorandum - *see*, Exhibit 118, p. 1; and Exhibit 113, p. 8-

7 - FINDINGS AND RECOMMENDATION

statements were in furtherance of a conspiracy and therefore admissible under Oregon law. Thus an objection to the testimony would have failed.

The PCR court's conclusion that the testimony would have been admissible under state law is not reviewable in a habeas proceeding. *See*, <u>Estelle v. McGuire</u>, 502 U.S. 62, 66-67 (1991) ("it is not the providence of a federal habeas court to re-examine state-court determinations on state law questions.").

In Ground B (2) petitioner alleges that his attorney was ineffective for failing to exclude or seek a limiting instruction regarding the co-defendant's testimony about his guilty plea. The PCR court rejected this claim, adopting the state's argument that counsel was not deficient in acting strategically, and that the jury instructions were proper under Oregon law. Exhibit 118, adopting Exhibit 113, p. 12 -17.

Petitioner's counsel explained her decision not to object or to seek a cautionary jury instruction as follows:

> Again, this was totally strategic. It was clear from everyone's testimony that the grudge in question was Brian Carlson's, that he had done the major damage to the victim, that he had been in possession of the weapon, and that he had the motive. Our defense, to the extent that we had one, was Petitioner only jumped into the fright to protect Brian Carlson. It was important that the jury hear the plea bargain that Mr. Carlson had obtained, in order to cast doubt on his testimony. It was a Measure 11 offense, and he had received a pretty good deal, considering the amount of prison time he could have received.
>
> We were always confronted with the fact of Petitioner's criminal history, and the knowledge that it would be best

---

10.

8 - FINDINGS AND RECOMMENDATION

> not to put him on the stand; therefore, any defenses had to be suggested through other witnesses, reluctant or not. Far from Mr. Carlson's guilty plea causing the jury to infer petitioner's guilt, we used it to persuade the jury that the sole motive and intent was on the part of Mr. Carlson.

Exhibit 115, p. 2.

As noted above, under *Strickland*, "strategic choices made by counsel ... are virtually unchallengeable." The counsel's explanation of the strategic choice in this instance reflects a reasonable tactical decision.

Moreover, petitioner cannot demonstrate any prejudice from the decision not to object to or request a cautionary instruction relating to Carlson's plea. The PCR court, concluded through adopting the state''s argument, that the jury instructions were proper under Oregon law and that determination is not reviewable in this proceeding. *See*, <u>Mendez v. Small</u>, 298 F.3d 1158 (9th Cir. 2002); <u>Estelle v. McGuire</u>, supra.

Petitioner alleges in Ground B (3) that his attorney was inadequate and ineffective for not objecting "when police officer Laurie Godfried testified to hearsay statement made to her by petitioner's Co-defendant, Carlson." Petition (#1) p. 3.

The analysis of petitioner's Ground B (1) above, is dispositive of this claim as well. Trial counsel's affidavit, establishes that the decision not to object to the testimony was a reasonable tactical or strategic decision. *See*, Exhibit 115, p. 3. In addition, the PCR court adopted the state's argument that the testimony constituted statements by a co-conspirator in furtherance of a conspiracy and were therefore not considered hearsay under

9 - FINDINGS AND RECOMMENDATION

Oregon law. Exhibit 118, adopting Exhibit 113, p. 20-21. As noted above, a federal habeas court cannot re-examine state-court determinations of state law questions.

In Ground B (4) petitioner alleges that her attorney was ineffective when she failed to request "a witness false in part instruction." Petition (#1) p. 3.

The PCR court rejecting this claim by adopting the state's argument that such a request would not have been granted under state law. Exhibit 118, adopting Exhibit 113, p. 21-22. This court must defer to that finding. See, *Mendez*, 298 F.3d at 1158.

Petitioner's counsel cannot be held to have been deficient for not requesting a jury instruction that was not proper under Oregon law, and petitioner cannot demonstrate prejudice from the decision not to request an instruction that would not have been given.

Based on all of the foregoing I find that petitioner's claims in Ground A and B (5) (the *Apprendi* claims) fail on the merits pursuant to *State v. Ice*. Petitioner's ineffective assistance of counsel claims [Grounds B (1) - (4)] were decided adversely to petitioner in state court decisions that were neither contrary to nor an unreasonable application of *Strickland* and are entitled to deference by this court. Moreover, for the reasons set forth above, I find that the state court determinations are supported by the record and correct on the merits.

Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately

10 - FINDINGS AND RECOMMENDATION

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* <u>See</u>, *28 U.S.C. § 2253(c)(2).*

DATED this 29th day of July, 2011.

_____
Thomas M. Coffin
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION